FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
12/8/2022 8:56 AM
JAMIE SMITH
DISTRICT CLERK
D-210844

CAUSE NO. _____

| | | |
|---|---|---|
| **ERIC GUERRERO,** | § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § § § | |
| v. | § § § | JEFFERSON COUNTY, TEXAS |
| **QUALITY CARRIERS, INC., 4Q TRANSPORT, LLC, AND CHANSELLOR DEWITT ROBINSON,** | § § § § § | |
| *Defendants.* | § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW Plaintiff Eric Guerrero hereinafter called "Plaintiff" and file this Original Petition, complaining of Defendants Quality Carriers, Inc., Chansellor Dewitt Robinson, and 4Q Transport LLC hereinafter called "Defendants," and in support thereof would respectfully show the following:

### I.
### DISCOVERY CONTROL PLAN

1.1    Plaintiff intends that discovery be conducted under Level 3 pursuant to Rule 190.3 of the TEXAS RULES OF CIVIL PROCEDURE. Plaintiff affirmatively pleads that he seeks monetary relief over $1,000,000.00 pursuant to Rule 47(c)(4) of the TEXAS RULES OF CIVIL PROCEDURE. Plaintiff reserves the right to amend this damage calculation as discovery progresses. Plaintiff makes this damage calculation at this time pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE. The amount of monetary relief actually awarded, however, will ultimately be determined by the jury.

**EXHIBIT A**

## II.
## PARTIES

2.1     Plaintiff Eric Guerrero is a resident of Webb County, Texas. The last three numbers of his driver's license are 373 and the last three numbers of his social security are 006.

2.2     Defendant Quality Carriers, Inc. (hereinafter "Quality Carriers") is a foreign corporation organized and existing under the law of Illinois doing business in the State of Texas for the purposes of accumulating monetary profit with its headquarters located at 4041 PARK OAKS BLVD #200 Tampa, FL 33610.  Defendant Quality Carriers, Inc. may be served with process by serving its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136 or wherever it may be found.  **(Citation is requested at this time).**

2.3     Defendant Chansellor Dewitt Robinson ("Defendant Robinson") is an individual residing in Hammond, Louisiana.  Defendant Robinson may be served with process at his usual place of abode, at 47367 Brittani Ln, Trailer 45, Hammond, Louisiana 70401-7213, or wherever he may be found. **(Citation is requested at this time).**

2.4     Defendant 4Q Transport LLC ("Defendant 4Q Transport") is a domestic for-profit limited liability company conducting business in the State of Texas.  Defendant 4Q Transport LLC may be served with process by serving its Registered Agent, Karina A. Pena, 10623 Staggering Creek, San Antonio, Texas 78254-5351, or wherever she may be found.  The owners, members, and/or managers of Defendant 4Q Transport are Karina and Oscar Pena, residents of San Antonio, Bexar County, Texas. **(Citation is requested at this time).**

## III.
## MISNOMER/ALTER EGO

3.1     In the event any parties are misnamed or are not included herein, it is Plaintiff' contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter

egos" of parties named herein. Alternatively, Plaintiff contends such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

3.2 Plaintiff specifically invokes the right to institute this suit against whatever entity was conducting business using the assumed name or common name of "Quality Carriers" or "4Q Transport" with regard to events described in this petition. Plaintiff expressly invokes their rights under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

## IV.
## JURISDICTION AND VENUE

4.1 The Court has jurisdiction of the subject matter of this lawsuit and the amount in controversy is above the minimum jurisdictional limits of this Honorable Court. Additionally, removal to federal court would be improper because this lawsuit does not involve a federal question, and at least one defendant, 4Q Transport is a domestic for profit limited liability company with its principal office located in the State of Texas, the state in which this action is brought. Therefore, there is no diversity of citizenship and removal of this action would be improper. 28 U.S.C.A § 1441(b)(2)(West).

4.2 Venue is proper in Jefferson County, Texas pursuant to TEXAS CIVIL PRACTICES AND REMEDIES CODE § 15.002(a)(1), because Jefferson County is the county in which all or substantial part of the events or omissions giving rise to the claim occurred; namely, the collision.

## V.
## FACTS

5.1 On January 15, 2021, Plaintiff Eric Guerrero was operating 2019 Freightliner tractor and trailer traveling west on IH-10 near mile reference marker 842 in Jefferson County, Texas. Defendant Robinson was operating a 2015 blue Freightliner owned by 4Q Transport,

hauling a 2016 Brenner Tank trailer owned and/or leased by Defendants Quality Carriers or 4Q Transport. Defendant Robinson was operating the Freightliner and trailer in the course and scope of his employment with Defendants Quality Carriers and/or 4Q Transport.

5.2 As the traffic slowed down on IH-10, Plaintiff started to slow down his tractor and trailer. Suddenly and without warning Defendant Robinson failed to control his speed and started to take a faulty evasive action and slammed the rear-end of Plaintiff's trailer. Defendant Robinson then drove off of the roadway into the center median and came to rest facing westbound. Nothing that Plaintiff did or failed to do caused this crash. The sole cause of the crash was the negligence and failure to control the speed of the tractor and trailer by Defendant Robinson.

5.3 At the time of the incident, the Freightliner operated by Defendant Robinson was owned and/or leased by Defendants Quality Carriers or 4Q Transport, who had entrusted said commercial motor vehicle to Defendant Robinson in the furtherance of their interstate business interests.

5.4 This crash was investigated by Texas Department of Public Safety Trooper Preston Pietrzykowski, where he charged Defendant Robinson with failure to control his speed in violation of Texas Transportation Code 545.351 and noted that the only contributing factor to the crash made the basis of this lawsuit was Defendant Robinson's failure to control his speed. Trooper Pietrzykowski noted nothing that Plaintiff did or failed to do caused or contributed to the crash in any way.

5.5 The crash, which was a direct, producing, and proximate result of Defendants' negligence, caused serious and significant injuries to Plaintiff that required extensive and ongoing medical treatment.

5.6 But for Defendants' negligent behavior, as more specifically described herein, Plaintiff would not have suffered the pecuniary losses, lost wages, mental anguish, permanent and disabling injuries they sustained in the subject crash. The negligent and/or wanton behavior of the Defendants is the producing and proximate cause of Plaintiff's injuries and damages.

## VI.
## CAUSES OF ACTION AGAINST DEFENDANT ROBINSON

A. **NEGLIGENCE AND NEGLIGENCE PER SE**

6.1 At the time and on the occasion in question, Defendant Robinson committed acts and omissions, which collectively and separately constituted negligence. Defendant Robinson had a duty to exercise ordinary care, meaning that degree of care that would be used by an individual of ordinary prudence under the same or similar circumstances. Defendant Robinson breached that duty in one or more of the following ways:

   a. Failing to maintain a proper lookout;

   b. Failing to properly maintain a lane of traffic;

   c. Failing to apply brakes of the Freightliner and trailer to avoid the crash;

   d. Failing to control speed in violation of TEX. TRANS. CODE §545.351;

   e. Failing to move from the lane before Defendant Robinson had ascertained that the movement can be made safely in violation of TEX. TRANS. CODE §545.060(a);

   f. Failing to properly maneuver the Freightliner and trailer to avoid the crash;

   g. Failing to operate the Freightliner and trailer in a reasonable and prudent manner;

   h. Failing to take a proper evasive action to avoid the crash; and,

   i. Other acts or omissions deemed negligent.

6.2 Such negligence, and negligence *per se*, either singularly or in combination, proximately caused Plaintiff' injuries and damages.

**B.   GROSS NEGLIGENCE**

6.3   Defendant Robinson's acts and/or omissions, as previously described, were committed with complete and reckless disregard for, and with willful, wanton and actual conscious indifference to the rights, safety and welfare of Plaintiff and the general public.  The nature of Defendant's acts and omissions were of such a nature as to constitute gross negligence and malice.  Specifically, Defendant undertook a continuous course of action in the form of conscious decisions, with subjective knowledge and awareness of the risks and hazards presented by each decision as discussed above and incorporated herein, to expose Plaintiff and others on the roadway to life threatening hazards.  When viewed objectively from the standpoint of Defendant at the time of the occurrence, said acts and omissions involved an extreme degree of physical risk and danger, considering the probability and the magnitude of the potential harm to others.  Defendant Robinson committed various acts and omissions constituting gross negligence, as outlined above.  Such gross negligence was a proximate cause of the occurrence and Plaintiff' injuries and damages.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANTS QUALITY CARRIERS AND 4Q TRANSPORT

**A.   NEGLIGENT HIRING**

7.1   Defendants owed Plaintiff a legal duty to protect them from Defendant Robinson's negligent driving.  The injuries and damages suffered by Plaintiff were proximately caused by Defendants' breach of said duty.  In particular, Defendants were negligent by hiring an incompetent, unfit or reckless driver whom it knew, or by the exercise of reasonable case should have known, to be incompetent, unfit, or reckless, thereby creating an unreasonable risk of harm to others.

**B.     NEGLIGENT RETENTION**

7.2     Defendants negligently retained Defendant Robinson as a driver and/or employee. Defendants owed Plaintiff a legal duty to protect them from Defendants' negligent operation of the subject Freightliner and trailer. The injuries and damages suffered by Plaintiff were proximately caused by Defendants' breach of said duty. Defendants were negligent in retaining Defendant Robinson, an incompetent, unfit or reckless driver whom it knew, or by the exercise of reasonable care should have known, to be incompetent, unfit or reckless, thereby creating an unreasonable risk of harm to others.

**C.     NEGLIGENT TRAINING**

7.3     Upon information and belief Defendants negligently trained Defendant Robinson as a competent and professional commercial driver and/or employee. Defendants owed Plaintiff a legal duty to protect them from Defendant Robinson's negligent operation of the subject Freightliner and trailer. The injuries and damages suffered by Plaintiff were proximately caused by Defendants' breach of said duty. In particular, Defendants were negligent in training Defendant Robinson, an incompetent, unfit or reckless driver whom it knew, or by the exercise of reasonable care should have known, to be incompetent, unfit or reckless, thereby creating an unreasonable risk of harm to others.

**D.     NEGLIGENT SUPERVISION**

7.4     Upon information and belief Defendants negligently supervised Defendant Robinson as a competent and professional commercial driver and/or employee. Defendants owed Plaintiff a legal duty to protect them from Defendant Robinson's negligent operation of the subject Freightliner and trailer. The injuries and damages suffered by Plaintiff were proximately caused by Defendants' breach of said duty. In particular, Defendants were negligent in supervising

Defendant Robinson, an incompetent, unfit or reckless driver whom it knew, or by the exercise of reasonable care should have known, to be incompetent, unfit or reckless, thereby creating an unreasonable risk of harm to others.

E.  **NEGLIGENT ENTRUSTMENT**

7.5     At the time of the incident made the basis of this lawsuit, Defendants owned or leased the Freightliner operated by Defendant Robinson and negligently entrusted him to operate same. Defendant Robinson was an incompetent and/or a reckless driver; Defendants knew or should have known that Defendant Robinson was an incompetent and/ or a reckless driver; Defendant Robinson was negligent on the occasion in question; and Defendant Robinson's negligence proximately caused Plaintiff' injuries and damages. The negligent manner in which Defendant Robinson operated the subject 18-wheeler and trailer was a proximate cause of the incident and the injuries and damages suffered by Plaintiff. The conduct of Defendants demonstrates a conscious disregard for the rights, welfare and safety of Plaintiff and other individuals on the roadways of the State of Texas.

F.  **RESPONDEAT SUPERIOR**

7.6     At the time and on the occasion in question, Defendant Robinson was employed by Defendants. Therefore, the negligence of Defendant Robinson in his operation of the subject Freightliner and trailer was committed while he was acting within the course and scope of his employment with, or while he was on a mission on behalf of Defendants. Thus, Defendant Robinson's negligence is imputed to Defendants pursuant to the legal theory of *respondeat superior*.

G.  **GROSS NEGLIGENCE**

    7.7    Plaintiff allege that all acts, conduct and omissions on the part of Defendants, taken singularly or in combination, constitute gross negligence and were the proximate cause of Plaintiff' injuries and damages. Defendants' acts and/or omissions, when viewed objectively from its standpoint at the time such acts and/or omissions occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety and welfare of Plaintiff with an intentional state of mind. Such gross negligence was a proximate cause of the occurrence, Plaintiff' injuries and damages. Therefore, Plaintiff are entitled to punitive and/or exemplary damages.

## VIII.
## DAMAGES

    8.1    As a proximate and producing cause of Defendants' acts and omissions, Plaintiff Guerrero has sustained the following damages:

    a.    Past and future mental anguish;

    b.    Past and future physical pain and suffering;

    c.    Past and future bodily impairment and disability;

    d.    Past and future medical expenses;

    e.    Past and future lost wages and loss of earning capacity;

    f.    Physical Disfigurement and scarring in the past and future;

    g.    Exemplary damages;

    h.    Costs of suit;

    i.    Pre-judgment and post-judgment interest as allowed by law; and,

    j.    Any and all other damages to which Plaintiff may be justly entitled.

## IX.
## PRESERVATION OF EVIDENCE

9.1     Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting therefrom, including, but not limited to: photographs; videotapes; audiotapes; recordings; statements; medical records; bills; estimates; invoices; checks; measurements; equipment; correspondence; certificates; memoranda; inspection records; apartment plans, designs, or drawings; construction, repair, and maintenance records; equipment testing records; lease agreements; files; facsimiles; emails; 911 communications; any records related to the rescue or treatment of any Plaintiff; voice mails; text messages; investigation; cellular telephone records; calendar entries; diary entries; log books; any incident reports and investigations; all records indicating the personnel who inspected, repaired, maintained, or tested the security systems; all fixtures, tools, equipment, weapons involved in the incident; insurance policies; witness statements; and any electronic image, data, or information related to the referenced incident, or Plaintiff. Failure to maintain such items will constitute "spoliation" of the evidence.

## X.
## TRCP 193.7 NOTICE

10.1     Pursuant to Texas Rule of Civil Procedure 193.7, Defendants are hereby put on actual notice that any documents produced in response to written discovery will be used in pretrial proceedings and at trial and will be deemed authentic unless Defendants make valid objections to authenticity pursuant to this rule.

## XI.
## PRAYER

For the reasons stated above, Plaintiff respectfully request that Defendants be cited and

commanded to appear and answer and that Plaintiff recover from Defendants actual damages, pre and post-judgment interest, costs of court, and such other and further relief to which the Plaintiff may be entitled.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, AGOSTO, AZIZ & STOGNER**

By:  */s/ Christopher Mahfouz*
Brant J. Stogner
State Bar No. 24038389
bstogner@awtxlaw.com
Jennifer O. Stogner
State Bar No. 24056056
jstogner@awtxlaw.com
Christopher Mahfouz
State Bar No. 24092748
cmahfouz@awtxlaw.com
800 Commerce Street
Houston, Texas 77002
Telephone: 713-222-7211
Facsimile:  713-225-0827

**ATTORNEYS FOR PLAINTIFF**