| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | | |
|---|---|---|
| ERIC GUERRERO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:23-CV-12 |
| | § | |
| QUALITY CARRIERS, INC., | § | |
| 4Q TRANSPORT, LLC, and | § | |
| CHANSELLOR DEWITT ROBINSON, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Quality Carriers, Inc.'s ("Quality Carriers") Motion for Leave and Motion to Compel Plaintiff Eric Guerrero's ("Guerrero") Continued Deposition (#16). Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be granted.

I.      Background

This lawsuit arises from a motor vehicle collision that occurred on January 15, 2021, in Jefferson County, Texas. Previously, on May 20, 2020, Guerrero was involved in a separate motor vehicle collision in Travis County, Texas ("Travis County collision"). As a result, on July 8, 2021, the driver and passenger of the other vehicle filed suit against Guerrero and his then-employer, Transport Max, LLC, alleging negligence, seeking recovery for physical pain, mental anguish, physical impairment, disfigurement, lost earnings, loss of earning capacity, and reasonable and necessary medical care expenses ("Travis County lawsuit"). Guerrero appeared in that lawsuit on September 3, 2021.

On July 5, 2023, Quality Carriers served its Notice of Deposition on Guerrero; Guerrero's deposition took place via Zoom on July 27, 2023.  During the deposition, Quality Carriers asked Guerrero about the Travis County collision and, in particular, asked Guerrero whether "anyone [has] ever sued you for personal injuries" to which Guerrero responded "No, sir."

On August 8, 2023, Quality Carriers filed the pending motion, stating that it learned of the Travis County lawsuit following its July 27, 2023, deposition of Guerrero, and requesting to continue Guerrero's deposition on the topic of the Travis County collision and lawsuit.  The time for Guerrero to file a response has lapsed and he has failed to respond.  Under the Eastern District of Texas's local rules, "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion."  Local Rule CV-7(d), (e).

II.    Analysis

Quality Carriers asks the court to permit it to re-depose Guerrero because he "blatantly and deliberately misled Quality Carriers's counsel regarding his prior motor vehicle accident and lawsuit history."  In particular, Quality Carriers seeks to re-depose Guerrero so that it may acquire additional discovery surrounding the Travis County collision and lawsuit.

Generally speaking, a party must obtain leave of court to depose an individual again if "the deponent has already been deposed in the case."  FED. R. CIV. P. 30(2)(A)(ii); *Arrant v. Standard Crane & Hoist LLC*, No. 2:21-CV-03569, 2023 WL 2775517, at *2 (W.D. La. Apr. 4, 2023); *VeroBlue Farms USA Inc. v. Wulf*, 111 Fed. R. Serv. 3d 505, ___, No. 3:19-cv-764, 2021 WL 5176839, at *9 (N.D. Tex. 2021).  "When a party seeks leave to take a second deposition of an individual deponent, 'the court must grant leave to the extent consistent with Rule 26(b)(1) and

(2).'" *Arrant*, 2023 WL 2775517, at *3 (quoting FED. R. CIV. P. 30(a)(2)); *VeroBlue Farms USA Inc.*, 2021 WL 5176839, at *9.

The court finds that Quality Carriers's request for a second deposition of Guerrero is warranted in order to obtain information bearing on Guerrero's accident, injury history and his potential motivation for pursuing the present claim, as well as to impeach Guerrero with this new information. *See VeroBlue Farms USA Inc.*, 2021 WL 5176839, at *10 ("Courts have allowed parties to reopen depositions when new information comes to light that creates the need for further questioning." (quoting *O'Connor v. Cory*, No. 3:16-CV-1731-B, 2018 WL 5016291, at *2 (N.D. Tex. Oct. 16, 2018))); *Retif v. ASI Lloyds*, No. CV 19-4899, 2020 WL 6204309, at *1 (E.D. La. Apr. 6, 2020) ("Courts have typically reopened a deposition 'where a witness was inhibited from providing full information at the first deposition' or 'where new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition.'" (quoting *Briggs v. Phebus*, Civ. A. No. 12-2145, 2014 WL 1117888, at *3 (E.D. La. Mar. 19, 2014); *Kleppinger v. Tex. Dep't of Transp.*, 283 F.R.D. 330, 333 (S.D. Tex. 2012); *Keck v. Union Bank of Switz.*, No. 94 Civ. 4912(TPG), 1997 WL 411931, at *1 (S.D.N.Y. 1997))).

Nevertheless, in the interest of avoiding duplicative discovery, limitations as to Guerrero's deposition are warranted. *See VeroBlue Farms USA Inc.*, 2021 WL 5176839, at *10 ("If a deposition is reopened because of newly discovered information, the court should limit the deposition to questions related to this information." (quoting *O'Connor*, 2018 WL 5016291, at *2)); *Retif*, 2020 WL 6204309, at *1 (stating that "[w]here the deposition is reopened because of newly discovered information, the questioning of the witness is limited to those questions relating

to the newly produced information." (quoting *Ganci v. U.S. Limousine Serv., Ltd.*, No. CV 10-3027, 2011 WL 4407461, at *2 (E.D.N.Y. Sept. 21, 2011)); *Kleppinger*, 283 F.R.D. at 333. Specifically, Guerrero's second deposition will be limited in scope:  Guerrero may be questioned only about the Travis County collision and lawsuit as well as his failure to reveal it in the prior deposition.   Such limitations will ensure that Guerrero's testimony relates only to newly discovered information and is not duplicative of the testimony from his first deposition.

III.    Conclusion

In accordance with the foregoing analysis, Quality Carriers's Motion for Leave and Motion to Compel Plaintiff's Continued Deposition (#16) is GRANTED.  Guerrero shall appear for a continuation of his deposition on or before the expiration of 21 days from the entry of this order. Such deposition will be limited in scope to questions concerning the Travis County collision and lawsuit and his failure to disclose it in the prior deposition.

SIGNED at Beaumont, Texas, this 2nd day of October, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE